

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FITNESS QUEST INC.<br>1400 Raff Road S.W.<br>Canton, OH 44750 | )<br>)<br>)<br>) | **5:02CV2528** |
| Plaintiff | )<br>) | Judge: **ORIGINAL**<br>**JUDGE GWIN** |
| v. | )<br>) | |
| UNIVERSAL MUSIC PUBLISHING GROUP,<br>INC., doing business as UNIVERSAL MUSIC<br>PUBLISHING<br>420 Lincoln Road, Suite 306<br>Miami Beach, FL 33139 | )<br>)<br>)<br>)<br>)<br>) | **MAG. JUDGE GALLAS**<br><br>**JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND INJUNCTIVE RELIEF

Plaintiff Fitness Quest Inc. ("Fitness Quest") brings this civil action against defendant Universal Music Publishing Group, Inc., doing business as Universal Music Publishing ("Universal") for a declaration of non-infringement of a United States copyright which Universal has charged Fitness Quest with infringing; for damages for tortious interference with contract and business relations, and for injunctive relief. For its complaint against Universal, Fitness Quest alleges as follows:

### THE PARTIES

1. Fitness Quest is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1400 Raff Road, S.W., Canton, Ohio 44750.

2. On information and belief, Universal is a corporation organized and existing under the laws of the State of California, having its principal place of business at 2440 Sepulveda Blvd., Suite 100, Los Angeles, CA 90064-1712, with an office at 420 Lincoln Road, Suite 306, Miami Beach, FL 33139.

## JURISDICTION AND VENUE

3. This is an action for declaration of non-infringement of a copyright under the copyright laws of the United States, specifically 17 U.S.C. §§ 101 – 810 (the "Copyright Act"), and for tortious interference of contract and business relations under the common law of the State of Ohio.

4. This Court has original subject matter jurisdiction of the copyright law claims asserted herein pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over the tortious interference with contract and business relations claim asserted herein pursuant to 28 U.S.C. § 1367.

6. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the claims asserted herein are between citizens of different states.

7. This Court has personal jurisdiction over Universal because, on information and belief, Universal does business in this judicial district, and because the claims asserted herein arose in this judicial district.

8. Venue of the within dispute is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), as well as pursuant to 28 U.S.C. § 1400(a) based on activities implicating the United States copyright laws.

## FACTS

9. Over a period of years, Fitness Quest has become a leader in the exercise equipment and fitness industry. Fitness Quest promotes and markets health, exercise, and other consumer products.

10. Fitness Quest promotes and markets a variety of products designed to develop strength and aerobic conditioning. For example, Fitness Quest promotes and markets an exercise audio-video product under the trademark Zumba™. The product is comprised of five titles, available in both DVD and VHS formats, entitled "Steps" (Product 11552-1) ("Title 1"), "Beginners" (Product 11552-2) ("Title 2"), "Advanced" (Product 11552-3) ("Title 3"), "Rapido" (Product 11552-4) ("Title 4") and "Buns, Thighs, and Abs" (Product 11564) ("Title 5") (individually and collectively referred to as the "Zumba Tapes"). Fitness Quest has a manufacturing and distribution agreement with Green Solutions, LLC, doing business as Green Solutions ("Green Solutions"), which manufactures and distributes the Zumba Tapes on Fitness Quest's behalf. Bruno White Entertainment, Inc., doing business as Bruno White Productions, produced the Zumba Tapes on behalf of Fitness Quest. Zumba Productions, LLC created the underlying concept for the Zumba Tapes and licensed the concept to Fitness Quest. Fitness Quest hired Manolo Puerto Productions, Inc. (the "Production Company") to create all-original music for the Zumba Tapes.

11. In addition to the Zumba Tapes, Fitness Quest produced a Zumba™ infomercial (the "Infomercial" and, together with the Zumba Tapes, the "Zumba Project") to advertise the Zumba Tapes on both free and cable television, in showcases, and in digital streaming audio-visuals vis-à-vis certain authorized Internet web sites.

12. Upon information and belief, Universal is one of the largest music publishing businesses in the world with more than 47 offices in 41 countries, including without

limitation a Miami, Florida office. Upon information and belief, Universal owns or administers more than one million copyrights.

13. Upon information and belief, "Oh La Ley" (the "Quintanilla Composition") is a musical composition that was written by Marcos Quintanilla and Felix Parejas. Upon information and belief, Universal-Canciones de Polygram, one of Universal's BMI publishing affiliates, is the exclusive worldwide administrator of the Quintanilla Composition and, as such, has the authority to enforce the rights of Mr. Quintanilla, Mr. Parejas, and any other co-publishers of the Quintanilla Composition.

14. In April, 2002, after production of the Infomercial had commenced in Miami, Florida, representatives of Fitness Quest who traveled to Miami to participate in the production discovered that (i) the Production Company had adapted the Quintanilla Composition (changing the chorus from "Oh La Ley" to "Zumba Ley") and (ii) were hoping to use the adaptation in the Zumba Project. Fitness Quest and Zumba Productions, LLC immediately attempted to secure the necessary rights from the copyright proprietors of the Quintanilla Composition so that the adapted version of the Quintanilla Composition could be used in the Zumba Project. On information and belief, David Bercuson of Miami, Florida, the Zumba Project's attorney, contacted Universal with respect to obtaining the necessary license. Attached hereto as Exhibit A is a true and correct copy of a letter dated May 14, 2002 from Mr. Bercuson to Mr. Alberto Perlman of Zumba Productions, LLC, advising Mr. Perlman as follows: "I have contacted my friend at Universal Music Publishing to get a status report on our request for clearance of the song "Oh La Ley" for use in the Zumba exercise video. As soon as I receive a response I will contact you." Upon information and belief, there was ongoing correspondence between Mr. Bercuson and Paul Brooks, an employee in Universal's synchronization licensing

4

department. On June 10, 2002, Mr. Bercuson advised Mr. Brooks in an e-mail transmission that Universal's "quoted fee" for the requested use was acceptable. Mr. Bercuson then requested Mr. Brooks to send him Universal's form of licensing agreement. Mr. Brooks wrote to Mr. Bercuson to "please allow 4-6 weeks for processing." Attached hereto as Exhibit B is a true and correct copy of the e-mail correspondence between Mr. Bercuson and Mr. Brooks.

15. On June 18, 2002, Mr. Bercuson informed Mr. Perlman in writing that Mr. Bercuson had cleared the use of the Quintanilla Composition in the Zumba Project for an all-in fee of $1,000. Attached hereto as Exhibit C is a true and correct copy of Mr. Bercuson's June 18, 2002 letter. Based on the foregoing communications, a contract for the use of the Quintanilla Composition in the Zumba Project was formed. In reliance on its right to use the adapted version of the Quintanilla Composition, Fitness Quest began selling the Zumba Tapes.

16. On November 20, 2002, in the middle of the present holiday selling season and approximately five months after the licensing issue associated with the adapted version of the Quintanilla Composition had been resolved, Universal threatened and challenged Fitness Quest's rights to use and adapt the Quintanilla Composition in the Zumba Project in a letter (the "Cease and Desist Letter") to Fitness Quest, the Production Company, Bruce White Entertainment, Inc., and Green Solutions. Attached hereto as Exhibit D is a true and correct copy of the Cease and Desist Letter, which came from Universal's Manager of Business Affairs, Angela N. Martinez, Esq. Further, Universal demanded in the Cease and Desist Letter that Fitness Quest and Green Solutions immediately cease from any further "unauthorized use, reproduction, distribution, public performance, digital streaming audio-visual performance or other exploitation" of the Infomercial or the Zumba Tapes. On November 26, 2002, Ms. Martinez followed up with a telephone call to Andrew Green, President and Chief Executive

Officer of Green Solutions, demanding records respecting the manufacturing and shipping of the Zumba tapes. Attached hereto as Exhibit E is a true and correct copy of an e-mail transmission from Mr. Green summarizing the substance of his telephone conference with Ms. Martinez.

17. As a result of the Cease and Desist Letter and Ms. Martinez's follow-up telephone call to Mr. Green, Green Solutions will not manufacture or ship any more Zumba Tapes until this controversy is resolved. Fitness Quest has spent in excess of $7 million promoting the Zumba Project in anticipation of selling the Zumba Tapes during the holiday season. As a result of Universal's actions, Fitness Quest could lose millions of dollars in sales.

18. On December 6, 2002, Ms. Martinez wrote to Fitness Quest's general counsel and Mr. Bercuson and demanded $700,000 to settle this matter. Attached hereto as Exhibit F is a true and correct copy of the December 6, 2002 letter. Universal has now asserted in two separate letters to Fitness Quest that Fitness Quest's activities in distributing and publicly performing the Infomercial and making and offering for sale the Zumba Tapes have infringed Universal's (and other copyright proprietors') copyright in the Quintanilla Composition.

## COUNT I

### (Declaratory Judgment of Copyright Non-Infringement)

19. Fitness Quest incorporates by reference paragraphs 1 through 18 of this Complaint as if specifically set forth herein.

20. This is a claim for declaratory judgment brought against Universal pursuant to 28 U.S.C. § 2201, arising under the Copyright Act.

21. There presently exists a real, live, actual and justiciable controversy between Fitness Quest and Universal (i) as to Universal's right to threaten or maintain an action against Fitness Quest for infringement of the Quintanilla Composition and (ii) concerning whether Fitness Quest's use of the Quintanilla Composition in connection with the Zumba

6

Project constitutes copyright infringement. Universal has charged Fitness Quest with infringement of the Quintanilla Composition, and Fitness Quest has a reasonable apprehension of suit against it by Universal for copyright infringement. Fitness Quest denies any infringement of the Quintanilla Composition.

22. Fitness Quest avers that Universal's assertion that Fitness Quest infringed its copyright is not wellfounded for the following reasons: (i) an agreement was formed between Universal and Fitness Quest (and/or Zumba Productions, LLC) regarding use of the adapted Quintanilla Composition in the Zumba Tapes and Infomercial; and (ii) Fitness Quest had a right to rely on the representation of Mr. Brooks, Universal's agent, that such an agreement had been formed and was being processed, Fitness Quest did rely on that representation to its detriment, and consequently Universal is now estopped from asserting that Fitness Quest infringed its copyright.

23. Pursuant to 28 U.S.C. § 2201, Fitness Quest is entitled to a declaration that its use of the Quintanilla Composition in the Zumba Project is not now, and has never been, an infringement of the Quintanilla Composition in violation of the Copyright Act.

## COUNT II

### (Tortious Interference with Contract and Business Relations)

24. Fitness Quest incorporates by reference paragraphs 1 through 23 of this Complaint as if specifically set forth herein.

25. With full knowledge of the manufacturing and distribution agreement between Fitness Quest and Green Solutions, Universal intentionally and wrongfully interfered with that agreement and business relations between Fitness Quest and Green Solutions.

7

26. Universal's intentional and wrongful acts were committed without reasonable justification and were willful and malicious, in flagrant disregard for Fitness Quest's rights.

27. As a direct and proximate result of Universal's tortious interference with contract and business relations, Fitness Quest has been damaged and is likely to continue to be damaged through, <u>inter alia</u>, loss of sales profits, in an amount not yet known but will be determined at trial.

28. If Universal (i) is not required to immediately retract the Cease and Desist Letter, (ii) immediately advise Green Solutions that it may resume manufacturing and shipping the Zumba Tapes, and (iii) is not enjoined from taking similar improper, intentional, willful, and malicious actions in the future, Fitness Quest will not be able to sell the Zumba Tapes during the present holiday selling season. Fitness Quest counted on robust holiday sales to recoup its investment in, and ultimately earn a profit from, the Zumba Project. If Universal is not enjoined, Fitness Quest will not recoup its substantial investment in the Zumba Project and Fitness Quest will suffer immediate, continuing and irreparable harm to its market share, good will, and reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, FITNESS QUEST prays for relief as follows:

<u>As to Count I</u>: that this Court order, adjudge and decree that the Quintanilla Composition is not infringed, and that a declaratory judgment be issued that Fitness Quest is entitled to use the Quintanilla Composition as adapted in the Infomercial and in the Zumba Tapes;

<u>As to Count II</u>:

    (i) for compensatory damages in an amount not yet determined;

8

      (ii)     for punitive damages; and

As to both Counts:

      (i)     that Universal cease informing Green Solutions, Bruno White Entertainment, Inc., doing business as Bruno White Productions, Zumba Productions, LLC, and any other distributors or customers of Fitness Quest, that Fitness Quest is infringing Universal's copyright in the Quintanilla Composition;

      (ii)     that Fitness Quest be granted such other and further injunctive relief as the Court deems appropriate;

      (iii)     that Fitness Quest be awarded the costs associated with this action, including reasonable attorneys' fees;

      (iv)     that Fitness Quest be granted such other and further relief as the Court deems appropriate.

Respectfully submitted,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

*/s/ Steven M. Auvil/*

Steven M. Auvil (0063827)
Mark E. Avsec (0064472)
2300 BP America Building
200 Public Square
Cleveland OH 44114-2378
(216) 363-4500
Attorneys for PLAINTIFF,
FITNESS QUEST INC.

## JURY DEMAND

Plaintiff Fitness Quest Inc. demands a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

_____
Attorney for PLAINTIFF
FITNESS QUEST INC.